UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SERENA A. MAY,

                Plaintiff,              **ORDER**
                                          21-CV-3586 (KAM) (LB)
        -against-

STUART LEVY, EDWIN J. HOLMES,
CHRISTOPHER LEE, RYAN OSWALD,
and VINCENT NEEFUS,

                Defendant.

----------------------------------X
**KIYO A. MATSUMOTO**, United States District Judge.

        On May 10, 2021, Plaintiff, Serena A. May, filed the instant *pro se* civil rights action under 42 U.S.C. § 1983 against Defendants Stuart Levy, Edwin Holmes, Christopher Lee, Ryan Oswald (the "Nassau County Defendants"), and Vincent Neefus (together, "Defendants"). (*See* ECF No. 1, Complaint ("Compl.").) On June 14, 2022, counsel for the Nassau County Defendants filed a letter advising the Court that Plaintiff was found incompetent to stand trial in her Nassau County criminal proceeding, and was remanded to a psychiatric facility. (*See* ECF No. 27.) Accordingly, the Court stayed this case pending Plaintiff's release from her remand to the psychiatric facility. (*See* Order dated June 15, 2022.)

        On July 19, 2022, Plaintiff filed a request which the Court liberally construes as a motion for temporary restraining order and preliminary injunction. (*See* ECF No. 29, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

("Pl. Mot.").)   For the reasons set forth below, Plaintiff's request for injunctive relief is respectfully **DENIED**.

<u>**DISCUSSION**</u>

On July 19, 2022, Plaintiff filed a request to enjoin the Assistant District Attorney and the Office of the County Attorney for the County of Nassau[1] from remanding her to the Nassau County Correctional Facility.  (*See* Pl. Mot. at 1—2.)

Plaintiff states she has been found incompetent to stand trial due to "retaliatory behavior on the part of the Assistant District Attorney," and that she has been detained at the Nassau County Correctional Facility, not a psychiatric facility, since June 13, 2022.  (*Id.*)  Plaintiff argues that because she is being held against her will, she will likely suffer irreparable harm unless injunctive relief is granted, and there is no adequate remedy at law.  (*Id.*)  Further, Plaintiff contends that granting her the relief sought would not adversely affect the public interest, as she does not present a danger to herself or others.  (*Id.*)  Finally, Plaintiff argues that the "New York State Office of Mental Health and Forensic Services is able to do an order of commitment on an outpatient basis."  (*Id.* at 2.)

---

[1] Defendants in this action include Defendant Stuart Levy, who, according to counsel for the Nassau County Defendants, is no longer at the Nassau County District Attorney's Office.  (*See* ECF No. 30, Nassau County Attorney's Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Nassau Cnty. Att'y Opp."), at 2.)  The Office of the County Attorney for the County of Nassau represents the Nassau County Defendants but is not itself a party, and would not be a proper party in this action.

The Court subsequently issued an order directing any interested Defendants to respond to Plaintiff's motion for temporary restraining order and preliminary injunction by July 21, 2022.  On July 21, 2022, the attorney for the Nassau County Defendants filed a letter in opposition to Plaintiff's request, contending that Plaintiff is "not entitled to the injunctive relief she seeks in this action and has failed to accurately set forth the relevant facts surrounding her pending criminal matter." (*See* Nassau Cnty. Att'y Opp. at 1.)  Specifically, counsel clarified that upon being found not competent to stand trial, Plaintiff was committed to the custody of the Commissioner of the New York State Office of Mental Health ("OMH") for care and treatment, and is currently waiting to be transferred to a psychiatric facility. (*Id.* at 1–2; *see* ECF No. 30-2, June 13, 2022 Competency Hearing Transcript ("June Hr'g Tr."), at 28:20–29:2 ("So, based upon what I've seen and listened to, it appears to my satisfaction that the defendant, as a result of mental disease or defect, lacks capacity to understand the proceedings against her and assist in her own defense, and therefore, the defendant is hereby adjudicated an incapacitated person and is committed to the custody and [sic] commissioner of OMH of [sic] care and treatment so that she can be restored and thereafter be able to proceed to trial.").)  Further, counsel asserts that the competency hearing was held at the request

of Plaintiff's counsel in the criminal proceeding, Jeffrey Groder, Esq.  (Nassau Cnty. Att'y Opp. at 1.)

Finally, counsel for the Nassau County Defendants also contends that the injunctive relief sought by Plaintiff is "unrelated to any relief that plaintiff may ultimately be entitled to" in the instant action because the Nassau County Attorney's Office does not have jurisdiction over the criminal proceedings against Plaintiff, and "there is no nexus between this lawsuit and the competency hearing that took place in the criminal proceeding." (*Id.* at 2.)[2]

The Court notes that Plaintiff's request, which challenges the validity of her confinement, appears more akin to a habeas petition, rather than a Section 1983 action.  And to the extent that Plaintiff seeks her release from confinement, a Section 1983 action in this Court is not the proper vehicle for such relief.  *See Garcia v. Westchester Cnty. Dist. Attorney's Off.*, No. 21-cv-00348(LLS), 2021 WL 411546, at *2 (S.D.N.Y. Feb. 4, 2021) ("A plaintiff may not challenge the validity of his confinement or seek release from custody in a civil action under § 1983, but must instead bring a petition for a writ of habeas corpus to seek such relief," after "exhausting his available state-court remedies.")

---

[2] The Court has also considered Plaintiff's letter, dated July 10, 2022, and filed on the docket on July 21, 2022, realleging the underlying factual circumstances of her false arrest and excessive force claims against Defendants, and asserting that she is being held because she initiated the instant Section 1983 action against Defendants.  (*See* ECF No. 31.)

(citations omitted). "For a state pretrial detainee, the appropriate vehicle for such relief is a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Nieves v. Ward*, No. 22-cv-1382(LTS), 2022 WL 623896, at *3 (Mar. 3, 2022).

Furthermore, to the extent Plaintiff is seeking to have this Court intervene in a pending state criminal proceeding, Plaintiff's request is precluded by *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal prosecutions, absent extraordinary circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See id.* at 49; *see also Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."); *Hansel v. Town Court*, 56 F.3d 391, 393 (2d Cir. 1995) (*Younger* abstention applies to claims for injunctive and declaratory relief).

The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Springfield*, 56 F.3d 391, 393 (2d Cir. 1995), *cert. denied*, 516 U.S. 1012 (1995). Here, the criminal case

against Plaintiff is still pending, (*see* June Hr'g Tr. at 28:20–29:2 (". . . therefore, the defendant is hereby . . . committed to the custody and [sic] commissioner of OMH of [sic] care and treatment so that she can be restored and thereafter be able to proceed to trial.")), New York has an important state interest in enforcing its criminal laws, and Plaintiff's remedy for erroneous decisions in her criminal proceeding, should there be any, "would be via the state-court appellate process, not via this Court's intervention." *Weinstein v. Miller*, No. 21-cv-4543(CS), 2021 WL 3038370, at *4 (July 15, 2021). *See Nelson v. Hynes*, No. 14-cv-603(KAM), 2014 WL 652419 (E.D.N.Y. Feb. 19, 2014) (liberally construing plaintiff's habeas petition also as a Section 1983 action and dismissing claims arising from his pending criminal case challenging, *inter alia*, the state court's order of competency examinations); *Nelson v. Thompson*, No. 14-cv-3414(KAM), 2014 WL 3882322, at *4 (E.D.N.Y. Aug. 7, 2014) ("To the extent that the petition demands certain pre-trial hearings in petitioner's criminal case or challenges the competency evaluations and determinations made by the state court, these claims are precluded by *Younger*."); *Weinstein v. Vill. of Briarcliff Manor*, No. 21-cv-1996(CS), 2021 WL 1063763, at *3 (S.D.N.Y. Mar. 17, 2021) ("Here, Plaintiff asks the Court to intervene in her ongoing criminal proceedings and related competency proceedings.  Beyond her conclusory assertions of retaliation and conspiracy, Plaintiff has

alleged no specific facts showing bad faith, harassment, or irreparable injury with respect to her pending state-court criminal proceeding.  The Court will therefore not intervene in Plaintiff's ongoing state-court proceedings and denies her motions for emergency injunctive relief.  Plaintiff's remedy, if the state court erred, lies with the state appellate process.").

Here, other than her conclusory assertion that she is being confined in retaliation for initiating the instant federal action against Defendants, Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to her state criminal and related competency proceedings.  Accordingly, the Court respectfully declines to intervene in those proceedings and denies Plaintiff's request for injunctive relief under the *Younger* abstention doctrine.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for temporary restraining order and preliminary injunction is respectfully **DENIED**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Counsel for the Nassau County Defendants is respectfully directed to serve *pro se* Plaintiff both at the facility and at her last known address and note service on the docket.

**SO ORDERED**

Dated:     July 29, 2022
           Brooklyn, New York

                                    /s/
                          **HON. KIYO A. MATSUMOTO**
                          United States District Judge
                          Eastern District of New York

8