UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

SERENA A. MAY,

                 *Plaintiff*s,

     -against-

STUART LEVY, EDWIN J. HOLMES,
CHRISTOPHER LEE, RYAN OSWALD, and
VINCENT NEEFUS.

                 *Defendants*.

---------------------------------------X

**<u>MEMORANDUM AND ORDER</u>**

21-cv-3586(KAM)(LB)

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Serena A. May ("Plaintiff"), acting *pro se*, brings the above-captioned action against Defendants Stuart Levy, Edwin Holmes, Christopher Lee, Ryan Oswald (the "Nassau County Defendants"), and Vincent Neefus (together, "Defendants"), alleging false arrest and excessive force claims under 42 U.S.C. § 1983.[1] (See ECF No. 1, Complaint ("Compl.")).  Currently before the Court are Defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).  (ECF No. 17, Nassau County Defendants' Motion to Dismiss; ECF No. 22, Defendant

---

[1] The form complaint states the following: ""Color of Law, 42 U.S.C. 1983, 4th, 14, 13, 9, 6, False Charges, False Arrest, Assault, malistation [sic] kidnapping, deprivation of rights."  (ECF No. 1, Compl. at 5.)  The alleged facts, however, appear to correspond to false arrest claim and excessive force claims.  (*Id.* at 9-10.)  Because a "document filed *pro se* is to be liberally construed," and as discussed in detail below, the Court construes Plaintiff's complaint as bringing false arrest and excessive force claims.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks, italics, and citations omitted).

Neefus Motions to Dismiss.)  On May 12, 2022, Magistrate Judge Lois Bloom issued a report and recommendation ("R&R") recommending that Defendants' motions be granted in part and denied in part. (ECF No. 23, R&R at 1.)  Defendants timely filed objections.  (ECF No. 24, Nassau County Defendants' Objections ("Nassau Cnty. Defs. Objs."); ECF No. 25, Defendant Neefus's Objections ("Def. Neefus Objs.").)  Plaintiff did not file objections.  For the reasons set forth below, the Court ADOPTS in part and MODIFIES in part Magistrate Judge Bloom's well-reasoned R&R and GRANTS in part and DENIES in part Defendants' motions to dismiss.

## BACKGROUND

For the purpose of deciding Defendants' motions to dismiss, the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in Plaintiff's favor.  *See Melendez v. City of New York*, 16 F.4th 992, 1010 (2d Cir. 2021). The Court may also consider "matters of which judicial notice may be taken," including judicial records, if relied upon "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such . . . filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773, 774 (2d Cir. 1991) ("The practice of taking judicial notice of public documents is not new.").

### I.   Factual Background

Plaintiff commenced this action on May 10, 2021, against Defendants Stuart Levy, Edwin J. Holmes, Christopher Lee, Ryan

2

Oswald, Vincent Neefus, and C. Lange Margoline.[2]  Defendant Holmes is a Nassau County detective assigned as an investigator in the Nassau County District Attorney's Office; Defendants Lee and Oswald are deputy sheriffs in the Nassau County Sheriff's Department; Defendant Levy is an Assistant District Attorney in the Nassau County District Attorney's Office; and Defendant Neefus is a Suffolk County detective assigned as an investigator in the Suffolk County District Attorney's Office.  (ECF No. 1, Compl., at 26-27; ECF No. 17-10, Nassau County Defendants Memorandum of Law ("Nassau Cnty. Defs. Mem.") at 1, 3); ECF No. 22-5, Defendant Neefus Memorandum of Law ("Def. Neefus Mem.") at 1.)

Plaintiff first alleges that on November 20, 2020, Defendant Lee falsely pretended to be "the bank" and took pictures of her home and car.  (ECF No. 1, Compl. at 6.)  Plaintiff then alleges that on December 22, 2020, at 7:01 a.m., Defendants Holmes, Lee, Oswald, and Neefus appeared at Plaintiff's home and placed her under arrest, without a warrant or probable cause.  (*Id.* at 9.) During the arrest, Defendant Lee allegedly "grabbed [her] and held [her] against [her] car"; Defendant Oswald allegedly pointed a gun at her and stated, "do not move"; Defendant Neefus allegedly blocked her car with his truck and screamed "Do not move Bitch"; and Defendant Holmes allegedly beat her before handcuffing her.

---

[2] Plaintiff voluntarily dismissed her claims against Defendant Margoline. (01/25/2022 Minute Entry.)

(*Id.* at 5-6, 9-10.)  Defendant Holmes also allegedly knocked her front tooth loose, which later had to be removed by a doctor as it "could not be saved," and touched her sexually, "grinding buducks[sic]," and was "slugging racial words."  (*Id.* at 5-6, 9-10.)  Plaintiff alleges that "each officer participated in the arrest" by holding her down while Defendant Holmes handcuffed her. (*Id.* at 5.)

Plaintiff further alleges that Defendant Neefus appeared after she was in jail and stated "your[sic] going to Suffolk next Bitch, I been waiting for you."  (*Id.* at 4.)  She also alleges that Defendant Levy sent "30 men" to her home without a proper warrant and taped her phone and email. (*Id.*)  She includes general allegations that she was arrested for filing a UCC, which she alleges is not a crime under New York Law.  (*Id.*)

She includes as exhibits an unidentified photograph of a sheriff outside of a home; a blurred screenshot of text; several photos of law enforcement officers; a receipt for property taken during her arrest; a letter from Eastchester Town Court indicating her failure to appear at a court date in November 2019; a criminal summons for her to appear on January 11, 2021, based on her filing of a fraudulent UCC financial statement with the New York Department of State; a May 4, 2021 order vacating a district court warrant based on a prior failure to appear for arraignment; and a

June 10, 2020 bankruptcy court order discharging Plaintiff's debt under 11 U.S.C. § 727.  (*Id.* at 16-29.)

The Court construes Plaintiff's allegations to include Fourth Amendment false arrest and excessive force claims.

## II.  Procedural History

Plaintiff filed her complaint on May 10, 2021.  (ECF No. 1, Compl.; ECF No. 2, Motion to Appoint Counsel; ECF No. 3, Motion to Proceed *in forma pauperis.*)  Magistrate Judge Bloom issued an order on July 1, 2021, stating that Plaintiff was required to effect proper service on Defendants and file proof of service with the Court by September 27, 2021.  (ECF No. 6, Order.)  On September 27, 2021, Plaintiff filed affidavits of service as to Defendants Levy, Holmes, Lee, Oswald, and Neefus.  (ECF No. 10.)  Nassau County Defendants moved for a pre motion conference for an anticipated motion to dismiss, stating, *inter alia*, that they were not properly served:

> While two copies of the summons and complaint were delivered to the District Attorney's Office where Stuart Levy and Edwin Holmes are employed, no subsequent mailing was received consistent with New York CPLR §308 (2).  One copy of the summons and complaint was delivered to the Sheriff's Department where Deputy Sheriffs Christopher Lee and Ryan Oswald are employed, but again, no follow up mailing was received. The return of service has not been filed with the Court so it cannot be determined whether plaintiff is taking the position that service was properly made.

(ECF No. 9.)  At the November 2, 2021 pre motion conference, the Court ordered Plaintiff to file "affidavits under penalty of

perjury that she mailed a copy of the Summons and the Complaint to each Defendant, identifying the date of mailing and the address to which it was sent" by November 5, 2021.  (11/02/2021 Minute Entry.) On November 8, 2021, Plaintiff filed affidavits of service regarding all Defendants.  (ECF No. 13.)

On January 14, 2022, Nassau County Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5),[3] and 12(b)(6) for lack of subject matter jurisdiction, failure to effect proper service and for failure to state a claim. (ECF No. 17-10, Nassau Cnty. Defs. Mem. at 1.)  Regarding service, Nassau County Defendants argue that the summons and complaint were delivered to the Nassau County District Attorney's Office and the Nassau County Sheriff's Department, but that Plaintiff did not subsequently mail a copy, as required by New York law.  (*Id.* at 6.)  After Magistrate Judge Bloom ordered Plaintiff to provide affidavits for service, Plaintiff's affidavits failed to identify dates or addresses for the mailed copies.  (*Id.*)  Finally, it appeared that Plaintiff completed mail service herself, in violation of Federal Rule of Civil Procedure 4(c)(2).  (*Id.* at 7.)

Nassau County Defendants also assert that the Court lacks subject matter jurisdiction over claims against Defendant Levy.

---

[3] Nassau County Defendants assert their claim for failure to effect proper service under Federal Rule of Civil Procedure 4.  (ECF No. 17-10, Nassau Cnty. Defs. Mem. at 1.)  The Court construes this as arising under Federal Rule of Civil Procedure 12(b)(5), which allows a motion to dismiss for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).

(*Id.*)  Defendants note that if Defendant Levy is being sued in his official capacity as an Assistant District Attorney for wrongful prosecution, he is protected by New York's sovereign immunity, under the Eleventh Amendment.  (*Id.* at 7-8.)  If Defendant Levy is being sued in his individual capacity for wrongful prosecution, he is protected by prosecutorial immunity.  (*Id.* at 8.)

On the merits, Nassau County Defendants contend that Plaintiff fails to state a false arrest claim.  Defendants assert that Plaintiff was indicted on November 24, 2020, on charges of (1) offering a false instrument for filing; (2) falsifying business records; (3) obstructing government administration; and (4) aggravated harassment.  (*Id.* at 2; ECF No. 17-8, Exhibit G, Indictment.)  They contend that these charges were in connection with Plaintiff's filling of false UCC Financing Statements—forms that creditors file with the New York Secretary of State to give notice that a creditor has an interest in a debtor's property.  (ECF No. 17-10, Nassau Cnty. Defs. Mem. at 2.)  Nassau County Defendants also assert that a warrant for Plaintiff's arrest was issued by a state court judge on November 24, 2020.  (*Id.* at 3; ECF No. 17-7, Exhibit F, Warrant.)  Because the arresting officers had a valid arrest warrant pursuant to a grand jury indictment, there is a presumption of probable cause for Plaintiff's arrest.  (ECF No. 17-10, Nassau Cnty. Defs. Mem. at 10-11.) And because probable cause is a complete defense to a false arrest claim,

Plaintiff's false arrest claim must be dismissed.  (*Id.* at 9, 11.)
Nassau County Defendants assert that they are also protected by
qualified immunity.

Finally, Nassau County Defendants argue that Plaintiff fails
to state an excessive force claim.  They assert that Plaintiff did
not allege sufficient facts to have "facial plausibility,"
including "when the alleged beating took place or how it took
place." (*Id.* at 12.)  Moreover, they contend that Plaintiff did
not establish Defendants Lee and Oswald's personal involvement in
the alleged beating besides alleging conclusorily that all
defendants participated.  (*Id.* at 12.)

On April 15, 2022, Defendant Neefus moved to dismiss under
Rule 12(b)(6).  (ECF No. 22, Def. Neefus Mem. at 1.)  He requests
that the Court take judicial notice that Plaintiff was arrested
pursuant to an indictment and warrant.[4]  (*Id.*).  He argues that
Plaintiff fails to state a § 1983 claim against him: she alleged
only that he came to her house, blocked her car in the driveway
and cursed at her, and cursed at her again later in jail, which
does not amount to a constitutional violation.  (*Id.* at 4-5.)  He
also reiterates that probable cause is a complete defense to a
false arrest claim, and Plaintiff did not allege facts to rebut
the presumption of probable cause created by the indictment.  (*Id.*

---

[4] Alternatively, Defendant Neefus requests that the Court convert his motion
into a motion for summary judgment under Federal Rule of Civil Procedure 56.
(ECF No. 22, Def. Neefus Mem. at 1 n.1.)

at 7.)   Defendant Neefus additionally argues that Plaintiff did not allege his personal involvement in any claim: he is a Suffolk County detective, whereas the arrest and beating allegedly took place by Nassau County defendants.   (*Id.* at 8.)   Finally, he asserts that leave to amend would be futile.   (*Id.*)

The Court referred both motions to dismiss to Magistrate Judge Bloom for an R&R.   (01/25/2022 Order Referring Motion.)   On May 12, 2020, Magistrate Judge Boom issued an R&R recommending that the Court grant in part and deny in part Defendants' motions to dismiss.  (ECF No. 23, R&R.)   Magistrate Judge Bloom recommended that Nassau County Defendants' Rule 12(b)(5) motion to dismiss for improper service be denied: although Plaintiff did not demonstrate proper service under New York CPLR § 308, the Court may liberally construe Federal Rule of Civil Procedure 4 where a party has received actual notice.   (*Id.* at 10-13.)   In light of Plaintiff's *pro se* status, and because of evidence that Nassau County Defendants had actual notice of the case—the summons and complaint were delivered to their places of business and they shortly thereafter appeared by counsel and stated an intention to move to dismiss—and thus would not be prejudiced by proceeding, Magistrate Judge Bloom recommended that the Court deny the Rule 12(b)(5) motion and deem service effectuated.   (*Id.*)   In the alternative, Magistrate Judge Bloom recommended that the Court grant Plaintiff

an extension of time to properly serve Nassau County Defendants. (*Id.* at 13 n.12.)

Magistrate Judge Bloom recommended that Nassau County Defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction be granted as to Defendant Levy. (*Id.* at 14.) Magistrate Judge Bloom recommend that, because a "prosecutor is entitled to absolute immunity when initiating a prosecution, making charging decisions, and presenting evidence" to a grand jury, Plaintiff's claims against Defendant Levy—all based on his charging decisions and subsequent actions—were barred. (*Id.* at 15 (citing *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004)).

Magistrate Judge Bloom also recommended that Defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim be granted as to Plaintiff's false arrest claim. (*Id.* at 13.) Magistrate Judge Bloom took judicial notice that Plaintiff "was arrested pursuant to a valid warrant following an indictment." (*Id.* at 14.) Where an arrest occurs pursuant to an arrest warrant and an indictment, the Court presumes the existence of probable cause, which is a complete defense to a false arrest claim. (*Id.* at 15-16.) Because Plaintiff did not allege any facts to overcome the presumption that the warrant or indictment were based on probable cause, her false arrest claims should be dismissed. (*Id.* at 16.)

Magistrate Judge Bloom recommended, however, that Defendants'
motions to dismiss for failure to state a claim be denied as to
Plaintiff's excessive force claim. (*Id.* at 20.)  Plaintiff alleged
that each defendant was involved in her arrest, and that they
"pointed a firearm at her, slammed her, held her down while she
was handcuffed, and caused damage to her tooth." (*Id.* at 20.)  At
the motion to dismiss stage, where the Court must accept
Plaintiff's factual allegations as true, Magistrate Judge Bloom
recommended that these allegations sufficed to state a plausible
excessive force claim, which requires a showing that the force
used was objectively unreasonable in the totality of
circumstances. (*Id.* at 18, 20-21.)

Defendants timely filed objections to the R&R.  (ECF No. 24,
Nassau Cnty. Defs. Objs.; ECF No. 25, Def. Neefus Objs.)  Nassau
County Defendants first object that Magistrate Judge Bloom
improperly applied the requirements of Federal Rule of Civil
Procedure 4(m), which requires service within 90 days after the
filing of a complaint. (ECF No. 24, Nassau Cnty. Defs. Objs. at
6.)  They argue that the Court does not have the discretion to
consider service properly effectuated because Rule 4(m) only
allows the Court to dismiss the action without prejudice or to
order an extension of time for service. (*Id.* at 7.)  Second, they
object to the R&R's conclusion that Plaintiff stated an excessive
force claim and argue that Plaintiff's allegations (1) do not

11

suffice to establish such a claim and (2) do not establish personal involvement for any defendant other than Defendant Holmes, especially as Plaintiff does not allege any injury from her interactions with Defendants Lee and Oswald. (*Id.* at 11.) Defendant Neefus also objects to the R&R's conclusion on Plaintiff's excessive force claim: he asserts that his presence at the arrest does not suffice to establish his personal involvement for a § 1983 claim. (ECF No. 25, Def. Neefus Objs. at 5-6.) Plaintiff did not file objections to the R&R. (ECF No. 26; 06/03/2022 Order; 09/23/2022 Order.)

On June 14, 2022, Nassau County Defendants informed the Court that Plaintiff had been found incompetent to stand trial in the underlying state criminal proceeding and was remanded to a psychiatric facility. (ECF No. 27, Motion to Stay.) The Court granted the Defendants' motion to stay the instant proceedings until Plaintiff had been found competent and released from the psychiatric facility. (06/15/2022 Order.) On September 23, 2022, after Nassau County Defendants informed the Court that Plaintiff had been found competent to stand trial, the Court lifted the stay. (ECF No. 34, Motion to Reopen; 09/23/2022 Order.)

## **LEGAL STANDARD**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party makes specific and timely written

objections to a magistrate judge's findings and recommendations, the Court conducts a *de novo* review of "those portions of the report . . . to which objection is made." *Id.; see also* Fed. R. Civ. P. 72(b)(3). "Where no objection to a Report and Recommendation has been timely made, the district court need only satisfy itself that there is no clear error on the face of the record." *Minto v. Molloy Coll.*, No. 16-cv-276 (KAM), 2021 WL 804386, at *1 (E.D.N.Y. Mar. 3, 2021) (internal quotation marks and citation omitted). Moreover, where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *Id.* (internal quotation marks and citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, "[a] pleading that offers labels or conclusions or a formulaic recitation of the

13

elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks, italics, and citations omitted). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (internal quotation marks omitted).

## **DISCUSSION**

### **I.   Insufficient Service of Process**

Upon *de novo* review, the Court agrees with Magistrate Judge Bloom's recommendation to deny Nassau County Defendants' motion to dismiss under Rule 12(b)(5) for insufficient service of process, and adopts Magistrate Judge Bloom's alternative recommendation to grant Plaintiff additional time to properly serve Nassau County Defendants.

Under Federal Rule of Civil Procedure 4, a plaintiff must serve the summons and complaint on a defendant within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that the Court, upon a failure to timely serve a defendant, must either "dismiss the action without prejudice . . . or order that service be made within a specified time." Fed.

R. Civ. P. 4(m).  If a plaintiff can establish good cause for a failure to serve, however, "the court must extend the time for service for an appropriate period." *Id.*

The Second Circuit has made clear that district courts may grant discretionary extensions of time to serve absent good cause. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause.").  A district court may extend time to complete service if "after balancing the relative prejudice to the parties and considering all relevant factors, it concludes that such an extension is justified." *Mares v. United States*, 627 F. App'x 21, 24 (2d Cir. 2015) (summary order) (citing *Zapata*, 502 F.3d at 198-99).

The Second Circuit also has stated that when district courts consider whether to dismiss a complaint for failure to properly serve, *pro se* plaintiffs "should be granted special leniency." *Thrall v. Cent. N.Y. Reg'l Trans. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (summary order) (quoting *Lesane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see also Jaiyeola v. Carrier Corp.*, 73 F. App'x 492, 493-94 (2d Cir. 2003) (summary order) (reversing a district court's decision to dismiss the *pro se* plaintiff's complaint for failure of proper service.)  When a defendant moves to dismiss under Rule 12(b)(5), however, "the plaintiff bears the burden of proving adequate service." *Dickerson*

*v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010).

The Court agrees with Magistrate Judge Bloom that Plaintiff has not demonstrated proper service on Nassau County Defendants under Rule 4, which provides that a party may follow state law for serving a summons on an individual defendant. Fed. R. Civ. P. 4(e)(1). In New York, state law provides that service may be effected by delivering the summons and complaint to a defendant's place of business and leaving process "with a person of suitable age" if a copy is also mailed to the defendant's residence or place of business. N.Y. C.P.L.R. § 308(2); *see Black v. Vitello*, 841 F. App'x 334, 335 (2d Cir. 2021) (summary order). Although the summons and complaint were delivered to Nassau County Defendants' places of business, Plaintiff has not provided evidence that copies of the documents were also timely mailed to Nassau County Defendants. Plaintiff's two affidavits of service are, as noted by Magistrate Judge Bloom, "internally inconsistent" regarding the addresses, dates, and methods of service. (ECF No. 23, R&R at 11; ECF No. 10, Summons Returned; ECF No. 13, Affirmation of Service.) Further, Plaintiff's documentation states that she effected service herself, which violates Rule 4(c)(2), because a party cannot serve the summons and complaint. Fed. R. Civ. P. 4(c)(2); (ECF No. 13 at 1-5.) Plaintiff also has not submitted evidence to demonstrate good cause for her failure to properly serve Nassau County Defendants. Nevertheless, Magistrate Judge Bloom

16

recommended that "[i]n light of plaintiff's *pro se* status, defendants' actual notice of the allegations in plaintiff's complaint, and defendants' appearances through counsel," the Court deny the motion to dismiss for improper service and "deem defendants to have been served." (ECF No. 23, R&R at 13.)  In the alternative, Magistrate Judge Bloom recommended that the Court grant Plaintiff an extension of time to properly serve Nassau County Defendants.  (*Id.* at 13 n.12.)

Nassau County Defendants object that a district court may only dismiss an action for improper service or extend the time for proper service. (ECF No. 24, Nassau Cnty. Defs. Objs. at 7.)  They argue that Magistrate Judge Bloom erred in recommending that the Court use its discretion to deem the summons and complaint properly served.  (*Id.*)  They further argue that the action should be dismissed in lieu of extending the time for service.  (*Id.* at 9.)

Regardless of whether the Court may deem the defendants to be served, the Court has discretion to extend the time for Plaintiff to complete service. *Zapata*, 502 F.3d at 198-99.  The prejudice of such an extension to Nassau County Defendants is low—they concede that the summons and complaint were delivered to their places of business within the time granted by Magistrate Judge Bloom's July 1, 2021 order.  (07/01/2021 Order; ECF No. 17-10, Nassau Cnty. Defs. Mem. at 18.)  Further, Nassau County Defendants appeared by counsel one week after Plaintiff filed proof of service

on the docket, and acknowledged that the summons and complaint had been delivered to their businesses. (ECF No. 10, Summons Returned; ECF No. 9, Motion.) Accordingly, Nassau County Defendants had actual notice of the action. *See Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) ("Rule 4 . . . is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." (internal quotation marks omitted)). Moreover, given Plaintiff's *pro se* status, Plaintiff "should be granted special leniency regarding procedural matters," particularly where, as here, she attempted service. *Thrall*, 399 F. App'x at 666.

Accordingly, the Court agrees with and adopts Magistrate Judge Bloom's alternative recommendation to extend the time for Plaintiff to properly serve Defendants, and denies Nassau County Defendants' motion to dismiss under Rule 12(b)(5) for improper service. Within fourteen days of this Memorandum and Order, Nassau County Defendants shall provide via ECF—and with service at Plaintiff's correct address— the correct addresses for completion of service on any remaining defendant, including business and/or residential addresses where the summons and complaint may be properly delivered and mailed. Magistrate Judge Bloom is respectfully requested to issue an order—and hold a conference if necessary—determining which defendants must still be served, where they must be served and by what methods Plaintiff can properly

effect service, and by what date.  Plaintiff shall have sixty days to complete proper service from the date of Magistrate Judge Bloom's order.

## II.  Subject Matter Jurisdiction

Upon clear error review,[5] the Court agrees with Magistrate Judge Bloom's well-reasoned recommendation to grant Nassau County Defendants' motion to dismiss against Defendant Levy under Rule 12(b)(1) for lack of subject matter jurisdiction.

If the Court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (holding that a court may dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).  A plaintiff "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005) (citation omitted).

---

[5] The parties did not object to Magistrate Judge Bloom's recommendation to grant Nassau County Defendants' motion to dismiss Defendant Levy for lack of subject matter jurisdiction.  *See Minto*, 2021 WL 804386, at *1 ("Where no objection to a Report and Recommendation has been timely made, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

Courts generally lack subject matter jurisdiction over § 1983 claims against prosecutors because the doctrine of absolute immunity shields prosecutors in their individual capacity from liability for monetary damages. *See, e.g., Randolph v. Cuomo*, No. 20-CV-4719(KAM)(LB), 2020 WL 6393015, at *4 (E.D.N.Y. Nov. 2, 2020) ("Prosecutors performing duties related to their prosecutorial function are protected by absolute immunity."). Absolute immunity bars any § 1983 claim based on allegations stemming from the "prosecutorial activities intimately associated with the judicial phase of the criminal process." *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022) (internal quotation marks and citation omitted). The "judicial phase" of a criminal prosecution covers a wide range of activities, including "determining which offenses to charge, initiating a prosecution, presenting a case to a grand jury, and preparing for trial." *Id.* Absolute immunity does not apply only where there was a "clear and obvious absence of any authority" to pursue prosecution. *Id.* at 868 (citation omitted).

The Court agrees with Magistrate Judge Bloom that Plaintiff has not demonstrated the Court's subject matter jurisdiction over Defendant Levy. Defendant Levy is an Assistant District Attorney in the Nassau County District Attorney's Office, and thus is protected by absolute immunity in his individual capacity for actions related to his prosecutorial function. *Randolph*, 2020 WL 6393015, at *4; (ECF No. 1, Compl., at 26-27; ECF No. 17-10, Nassau

20

Cnty. Defs. Mem. at 1, 3.)  Plaintiff alleges that Defendant Levy incorrectly accepted false charges from Defendant Holmes, and sent men to her home "without a warrant on bogus charges." (ECF No. 1, Compl. at 4.)   All of Plaintiff's allegations relate to the "judicial phase" of a criminal prosecution, and Plaintiff has not made any allegation supporting a "clear and obvious absence of authority." *Anilao*, 27 F.4th at 864, 869; (ECF No. 23, R&R, at 15, 15 n.14.)  Accordingly, Plaintiff's claims against Defendant Levy in his individual capacity are barred by absolute immunity.

Additionally, if the Court construes Plaintiff's claims as brought against Defendant Levy in his official capacity, her claims for monetary damages are barred by the doctrine of sovereign immunity under the Eleventh Amendment. *Randolph*, 2020 WL 6393015, at *4 (citing *Amaker v. N.Y. State Dept. of Corr. Servs.*, 435 F. App'x. 52, 54 (2d Cir. 2011) (summary order).

Accordingly, the Court grants Nassau County Defendants' motion to dismiss Defendant Levy under Rule 12(b)(1) for lack of subject matter jurisdiction.

### III. False Arrest

Upon clear error review,[6] the Court agrees with Magistrate Judge Bloom's well-reasoned recommendation to grant Defendants' motions to dismiss under Rule 12(b)(6) as to Plaintiff's false

---

[6] The parties did not object to Magistrate Judge Bloom's recommendation to grant Defendants' motions to dismiss as to Plaintiff's false arrest claim. *See Minto,* 2021 WL 804386, at *1.

arrest claim.

"Probable cause is a complete defense to a constitutional claim of false arrest." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). Further, an arrest "pursuant to a warrant issued by a neutral magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause." *Walczyk v. Rio*, 496 F.3d 139, 155–56 (2d Cir. 2007). To rebut probable cause, a plaintiff must show that a warrant was obtained by fraud or is facially invalid. *Johnson v. Dobry*, 660 F. App'x 69, 71 (2d Cir. 2016) (summary order). Probable cause may also be presumed where an arrest occurs following an indictment. *Manganiello v. City of New York*, 612 F.3d 149, 162 (2d Cir. 2010). That presumption is rebuttable only "by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (internal quotation marks and citation omitted.)

Here, Plaintiff alleges that she was arrested without a warrant or probable cause. (ECF No. 1, Compl. at 9.) Defendants, however, attach as exhibits the November 24, 2020 indictment charging Plaintiff with offering a false instrument for filing, falsifying business records, obstructing government administration, and aggravated harassment, and the November 24, 2020 arrest warrant. (ECF No. 17-7, Exhibit F; ECF No. 17-8, Exhibit G.) The Court takes judicial notice that Plaintiff was

subject to an indictment and an arrest warrant.[7] *See Smith v. City of New York*, No. 13-CV-2395(SJ)(RER), 2014 WL 4904557, at *4 (E.D.N.Y. Sept. 30, 2014) (taking judicial notice of an indictment and an arrest warrant); *Johnson v. City of New York*, No. 15-CV-8195, 2017 WL 2312924, at *2 n.2 (S.D.N.Y. May 26, 2017) ("The Court takes judicial notice of the state arrest warrant as public record."); *Bryant v. Rourke*, No. 15-CV-5564, 2017 WL 1318545, at *3 (E.D.N.Y. Feb. 8, 2017), *adopted by* 2017 WL 1317009 (E.D.N.Y. Mar. 17, 2017) ("[J]udicial notice may be taken of public records, including . . . arrest warrants."). Because Plaintiff offers no allegation to rebut the presumption of probable cause for arrest, based on the warrant and indictment—and in fact, only contests the existence of the warrant and indictment—Plaintiff cannot prevail in her challenge to Defendants' complete defense to her false arrest claims.

Accordingly, the Court grants Defendants' motions to dismiss under Rule 12(b)(6) as to Plaintiff's false arrest claims.

**IV.  Excessive Force**

Upon *de novo* review, the Court adopts in part and modifies in part Magistrate Judge Bloom's recommendation to deny Defendants' motions to dismiss under Rule 12(b)(6) as to Plaintiff's excessive

_____

[7] On a Rule 12(b)(6) motion to dismiss, the Court may consider "matters of which judicial notice may be taken." *Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

force claim.

"The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of effecting an arrest." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). "Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable in light of the facts and circumstances confronting them." *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (internal quotation marks and citation omitted). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks and citation omitted). Instead, courts must pay "careful attention" to the facts of each case, including "the severity of the crime at issue," "whether the suspect poses an immediate threat to the safety of the officers or others," and "whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019) (internal quotation marks and alterations omitted).

Plaintiffs must also allege how each defendant was personally involved in the excessive force alleged. *See Demosthene v. City of New York*, 831 F. App'x. 530, 535 (2d Cir. 2020) (summary order) ("It is axiomatic that claims under § 1983 for use of excessive force . . . require personal involvement." (*citing Patterson v.*

*Cnty. of Oneida*, 375 F.3d 206, 229 (2d Cir 2004))).

Here, Plaintiff sufficiently states an excessive force claim as to Defendant Holmes. Assuming the allegations to be true, as the Court must at this stage, Defendant Holmes beat Plaintiff—knocking her front tooth loose—before he handcuffed her, touched her sexually, and was "slugging racial words" at her. (ECF No. 1, Compl. at 9.) Given that (1) Plaintiff was arrested for non-violent offenses, mostly concerning the submission of fraudulent records; (2) there is no indication that Plaintiff posed a safety threat to Defendant Holmes or others; and (3) there is no evidence in her complaint or Defendants' motions that she attempted to flee or resist arrest, Defendant Holmes's alleged beating of Plaintiff until she lost a front tooth was objectively unreasonable. *See Cugini*, 941 F.3d at 614; *see also Hudson v. McMillian*, 503 U.S. 1, 10 (1992) (noting that "loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes"); *Kilmartin v. Schaffer*, No. 12-CV-1167 (FJS)(CFH), 2013 WL 5929447, at *5 (N.D.N.Y. Nov. 1, 2013), *overruled on other grounds by Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017) (stating that "the loss of a tooth is not a *de minimis* injury" for purposes of the Fourth Amendment.)

Nassau County Defendants counter that Plaintiff submitted only "bare bones allegations" as to Holmes. (ECF No. 24, Nassau Cnty. Defs. Objs. at 10.) Though Plaintiff's *pro se* complaint may

not be a model of detailed clarity, her allegations concerning Defendant Holmes's behavior, as described above, are unambiguous. Nassau County Defendants further argue that her allegations of injury by Defendant Holmes are "flatly contradicted" by the "Physical Condition Questionnaire" that Plaintiff filled out after her arrest, which states only that Plaintiff's wrist was injured. (ECF No. 17-9, Exhibit H.)  This document is outside the pleadings, however, and the Court does not consider it on a motion to dismiss. *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) ("Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself.").  The Court therefore agrees with Magistrate Judge Bloom's recommendation to deny Nassau County Defendants' motion to dismiss as to Defendant Holmes.

Plaintiff also alleges sufficient facts to state an excessive force claim against Defendant Lee.  Plaintiff alleges that Defendant Lee arrived at Plaintiff's home, "blocked her car in," demanded at gunpoint that Plaintiff get out of her car, slammed Plaintiff out of her car, and then held her against her car.  (ECF No. 1, Compl. at 6, 9.)  As in *Brown v. City of New York*, given that Plaintiff does not appear to have been evading arrest, a reasonable officer could have made it "clear that [Plaintiff] could not leave until she submitted to handcuffing" without resorting to allegedly slamming Plaintiff out of and against the car at gunpoint. *Brown v. City of New York*, 798 F.3d 94, 100-01 (2d Cir.

26

2015).

Nassau County Defendants contend that Plaintiff failed to establish personal involvement for Defendant Lee, and that the allegations against Lee cannot establish a claim of excessive force. (ECF No. 24, Nassau Cnty. Defs. Objs. at 10-11.)  The Court respectfully disagrees.   Plaintiff explicitly alleges facts describing Defendant Lee's use of force against her, including that he "slammed" her out of her car and against her car. (ECF No. 1, Compl. at 6.)  A reasonable officer could have known that exercising the force alleged against an individual who does not appear to have been resisting arrest "employ[ed] a degree of force beyond that which [was] warranted by the objective circumstances" of the arrest, at least when assuming the allegations in the complaint to be true. *Cugini*, 941 F.3d at 612.  The Court therefore agrees with Magistrate Judge Bloom's recommendation to deny Nassau County Defendants' motion to dismiss as to Defendant Lee.

Plaintiff, however, does not sufficiently allege excessive force claims against the remaining defendants, Oswald and Neefus. She does not allege that Defendants Oswald and Neefus touched her at all, except for a vague allegation that "each officer participated in the arrest, holding Plaintiff down" while Defendant Holmes handcuffed her. (ECF No. 1, Compl. at 6, 9.) The Court is wary of concluding that it was objectively unreasonable for Defendants Oswald and Neefus to assist with

Plaintiff's arrest by holding Plaintiff down while she was being handcuffed during her arrest, given that (1) Plaintiff does not allege that they did so forcefully; (2) she does not allege that they held her down while she was beaten; and (3) her only allegation of injury is that her tooth was damaged by Defendant Holmes's use of force.  (*See* ECF No. 1, Compl.); *see Rizk v. City of New York*, 462 F. Supp. 3d 203, 222 (E.D.N.Y. 2020) ("It is well-settled that the right to make a lawful arrest carries with it the right to use reasonable force to effectuate that arrest." (internal quotation marks and alterations omitted)); *see also Graham*, 409 U.S. at 396 ("Not every push or shove . . . violates the Fourth Amendment.").  Plaintiff also alleges that Defendants Oswald and Neefus shouted at her and called her demeaning names, but "even excessive rudeness . . . is not force, let alone excessive force." *Brown*, 798 F.3d at 105–06 (Jacobs, J., dissenting).

Accordingly, the Court respectfully declines to adopt Judge Bloom's recommendation regarding the excessive force claims against Defendants Oswald and Neefus, and grants Defendants' motions to dismiss Plaintiff's excessive force claims against Defendants Oswald and Neefus.

<u>**CONCLUSION**</u>

For the forgoing reasons, the Court ADOPTS in part and MODIFIES in part Magistrate Judge Bloom's well-reasoned R&R, and GRANTS in part and DENIES in part Defendants' motions to dismiss.

The Court DENIES Nassau County Defendants' Rule 12(b)(5) motion to dismiss for insufficient service of process, adopts the recommendation that the time for service be extended, and GRANTS a 60-day extension of time for *pro se* Plaintiff to complete proper service.  The Court GRANTS Nassau County Defendants' Rule 12(b)(1) motion to dismiss all claims against Defendant Levy for lack of subject matter jurisdiction.   The Court GRANTS Nassau County Defendants' and Defendant Neefus's Rule 12(b)(6) motions to dismiss Plaintiff's false arrest claims.  The Court DENIES Nassau County Defendants' and Defendant Neefus's Rule 12(b)(6) motions to dismiss Plaintiff's excessive force claims as to Defendants Holmes and Lee, and GRANTS the motions to dismiss as to Defendants Oswald and Neefus.  Within fourteen days of this Memorandum and Order, Nassau County Defendants shall provide via ECF, and with service at Plaintiff's correct address, the correct addresses for completion of service on any remaining defendant, including business and/or residential addresses where the summons and complaint may be properly delivered and mailed.  Magistrate Judge Bloom is respectfully requested to issue an order—and hold a conference if necessary—determining which defendants must still be served, where they must be served and by what methods Plaintiff can properly effect service, and by what date.  Plaintiff shall have sixty days to complete proper service from the date of Magistrate Judge Bloom's order.  The Clerk of Court is respectfully

directed to terminate Defendants Levy, Oswald, and Neefus from the case and serve a copy of this Memorandum and Order on *pro se* Plaintiff and note service on the docket by March 8, 2023.

**SO ORDERED**
Dated:      March 7, 2023
            Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York